**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MONTRAIL D. SMITH,

    Petitioner,                                     2:15-cv-00487-KJD-VCF

vs.

                                                       **ORDER**

RENEE BAKER, *et al.*,

    Respondents.

_____/

       In this habeas corpus action, the petitioner, Montrail D. Smith, filed a first amended habeas petition on April 11, 2016 (ECF No. 24). Respondents were then due to file a response to the amended petition by June 13, 2016. *See* Order entered June 30, 2015 (ECF No. 13) (60 days for response); *see also* Fed. R. Civ. P. 6(d) (adding three days to the due date when document to be responded to is served by electronic means).

       On June 9, 2016, respondents filed a motion for extension of time (ECF No. 31), requesting an extension of time to July 11, 2016 -- a 28-day extension -- to file their response to the amended petition. This would be the first extension of that deadline. Respondents' counsel states that the extension of time is necessary because she missed work for medical reasons, and because of her obligations in other cases. The court finds that respondents' motion for an extension of time is made in good faith and not solely for the purpose of delay, and there is good cause for the requested extension of time. The court will grant the extension of time as requested.

1  On June 7, 2016, petitioner filed a motion for leave to conduct discovery (ECF No. 30). Respondents have not responded to that motion; their response would be due on June 24, 2016.

Petitioner's motion for leave to conduct discovery is premature. The respondents have yet to respond to petitioner's amended habeas petition, and, therefore, at this point, the court cannot tell what procedural issues, if any, will be raised by respondents' response, or which of petitioner's claims, if any, will be adjudicated on their merits and properly subject to evidentiary development. Under these circumstances, the court will decline to entertain petitioner's motion for leave to conduct discovery at this stage of this case.

Moreover, the court notes that petitioner's motion for leave to conduct discovery seeks leave to conduct discovery from entities that are not parties to this action, namely the Clark County Detention Center and the Clark County District Attorney's Office, but petitioner has not submitted with his motion the proposed subpoenas, or other discovery documents, that he seeks leave to serve.

Therefore, the court will deny petitioner's motion for leave to conduct discovery, without prejudice to petitioner filing a new motion for leave to conduct discovery at an appropriate time and supported by submission of the proposed discovery documents. The court will set a schedule for the filing and briefing of any such motion, as well as any motion by petitioner for an evidentiary hearing.

**IT IS THEREFORE ORDERED** that respondents' motion for extension of time (ECF No. 31) is **GRANTED**. Respondents shall have until and including **July 11, 2016**, to file an answer or other response to petitioner's first amended petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Conduct Discovery and for Court Order to Obtain Documents (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that, if petitioner wishes to move for leave to conduct discovery, petitioner shall file such motion concurrently with, but separate from, his response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be

1  denied, without prejudice, on that basis.  Respondents shall have 20 days to file a response to any
2  such motion, and, thereafter, petitioner shall have 20 days to file a reply in support of the motion.

3  **IT IS FURTHER ORDERED** that if petitioner wishes to request an evidentiary hearing,
4  petitioner shall file a motion for an evidentiary hearing concurrently with, but separate from, the
5  response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for an
6  evidentiary hearing filed by petitioner before that time may be considered premature, and may be
7  denied, without prejudice, on that basis.  Respondents shall have 20 days to file a response to any
8  such motion, and, thereafter, petitioner shall have 20 days to file a reply in support of the motion.

9  **IT IS FURTHER ORDERED** that, in all other respects, the schedule for further
10  proceedings set forth in the order entered July 1, 2015 (ECF No. 13) shall remain in effect.

12  Dated this  15  day of June, 2016.

UNITED STATES DISTRICT JUDGE