**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MONTRAIL D. SMITH,

    Petitioner,                                          2:15-cv-00487-KJD-VCF

vs.                                                          **ORDER**

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

      The petitioner in this habeas corpus action, Montrail D. Smith, filed a first amended petition for writ of habeas corpus on April 11, 2016 (ECF No. 24). The respondents then filed a motion to dismiss (ECF No. 35) on August 10, 2016, asserting that Smith's petition is barred by the statute of limitations, as it was filed over six years beyond the expiration of the applicable one-year limitations period, that certain of Smith's claims are unexhausted in state court, and that certain of his claims are procedurally defaulted.

      Smith's response to respondents' motion to dismiss was originally due on September 12, 2016. *See* Order entered June 15, 2016 (ECF No. 32). On September 13, 2016, however, the court granted Smith a twenty-nine day extension of time, to October 11, 2016, to respond to the motion to dismiss. *See* Order entered September 13, 2016 (ECF No. 37).

      On October 11, 2016, Smith filed a "Motion to Stay Briefing Schedule on Respondent's Motion to Dismiss" (ECF No. 38), requesting "an order staying the briefing schedule for the pending

Motion to Dismiss and setting a deadline in 60 days, on December 10, 2016, for Smith to file either a formal discovery motion or a status report on discovery." Smith's counsel acknowledges that his petition was filed "[several] years late." Motion to Stay Briefing Schedule (ECF No. 38), p. 2. Counsel suggests, however, that Smith may be entitled to equitable tolling of the statute of limitations. *See id*. Counsel states that, regarding Smith's argument for equitable tolling, "[e]vidence of diligence, or a lack of diligence, will be found in records maintained by the Nevada Department of Corrections, specifically, in the incoming and outgoing legal and non-legal mail and telephone logs." *Id*. Counsel goes on to inform the court that on October 5, 2016 -- almost two months after the motion to dismiss was filed, and six days before the response to the motion to dismiss was due -- she communicated with respondents' counsel about obtaining the relevant prison mail and telephone logs without a formal discovery request. *See id*. Smith requests that the briefing of the motion to dismiss be stayed while he pursues that informal request for information from the respondents.

  The court will deny Smith's motion to stay the briefing of the motion to dismiss. A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The issue of equitable tolling, therefore, turns on factual matters within the knowledge of the petitioner: the petitioner's own diligence, and circumstances preventing him from initiating his federal habeas action on time. There is no reason shown why Smith cannot respond to respondents' motion to dismiss, with respect to the statute of limitations, without informal or formal discovery.

  If Smith believes that the prison mail and telephone logs contain information supporting his argument for equitable tolling, Smith may pursue such information informally from the respondents -- as he apparently has done in the last week -- and, if he believes such informal means are unavailing, he may move for leave to conduct formal discovery. The scheduling orders in this case

set forth a schedule for Smith to move for leave to conduct formal discovery, if need be, in the context of the briefing of a motion to dismiss. *See* Order entered July 1, 2015 (ECF No. 13) (briefing schedule for motion to dismiss); Order entered June 15, 2016 (ECF No. 32) (schedule for filing and briefing of motion for leave to conduct discovery). In the order entered June 15, 2016, the court ordered that "if petitioner wishes to move for leave to conduct discovery, petitioner shall file such motion concurrently with, but separate from, his response to respondents' motion to dismiss...." *See* Order entered June 15, 2016 (ECF No. 32). Smith shows no need for a stay the briefing of the motion to dismiss. The court will deny Smith's motion in that regard.

The court will grant Smith a 45-day extension of time to respond to the motion to dismiss. With this extension, Smith will have had three and a half months to respond to the motion to dismiss, and to seek information supporting his response by informal means. *The court will not look favorably upon any motion to further extend this deadline.*

**IT IS THEREFORE ORDERED** that petitioner's Motion to Stay Briefing Schedule on Respondent's Motion to Dismiss (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have until **November 25, 2016**, to respond to respondents' motion to dismiss (ECF No. 35).

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the orders entered July 1, 2015 (ECF No. 13) and June 15, 2016 (ECF No. 32) shall remain in effect.

Dated this   13   day of October, 2016.

_____
UNITED STATES DISTRICT JUDGE