# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MONTRAIL D. SMITH,

    Petitioner,                                               2:15-cv-00487-KJD-VCF

vs.

**ORDER**

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

      This action is a petition for a writ of habeas corpus by Nevada prisoner Montrail D. Smith. There are, before the court, a motion to dismiss filed by the respondents, and a motion for leave to conduct discovery, a motion for evidentiary hearing, and a motion for stay filed by Smith.  The court will grant the motion for stay, and stay this action pending completion of Smith's ongoing state-court habeas litigation.  The court will deny as moot, and without prejudice, the motion to dismiss, motion for leave to conduct discovery, and motion for evidentiary hearing.

      Smith was convicted, following a jury trial, in Nevada's Eighth Judicial District Court of murder with use of a deadly weapon, and he was sentenced to two consecutive terms of life in prison with the possibility of parole after twenty years. *See* Judgment of Conviction, Exhibit 25 (ECF No. 26-8). (The exhibits referred to in this order were filed by Smith and are found in the record at ECF Nos. 25-29.)

Smith appealed, but the Nevada Supreme Court ruled that his notice of appeal was untimely, and dismissed the appeal for lack of jurisdiction. *See* Order Dismissing Appeal, Exhibit 29 (ECF No. 26-12).

Smith then pursued a state-court habeas petition. The state district court denied that petition in a written order filed on August 8, 2007. *See* Findings of Fat, Conclusions of Law and Order, Exhibit 48 (ECF No. 27-6). Smith appealed, and the Nevada Supreme Court affirmed on February 20, 2009. *See* Order of Affirmance, Exhibit 59 (ECF No. 27-17).

On December 14, 2009, Smith initiated a second state-court habeas action. In a written order filed on June 18, 2013, the state district court dismissed that action, ruling that it was procedurally barred. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 78 (ECF No. 28-5). Smith appealed, and the Nevada Supreme Court affirmed on April 10, 2014. *See* Order of Affirmance, Exhibit 85 (ECF No. 29-2).

Smith initiated this federal habeas corpus action, *pro se*, on March 18, 2015. *See* Motion Seeking Permission from the Court to File Habeas Petition (ECF No. 1). He submitted his original petition for filing on April 1, 2015 (ECF No. 2-1). The petition was filed on May 26, 2015, after the matter of payment of the filing fee was resolved. *See* Petition for Writ of Habeas Corpus (ECF No. 10). Counsel was appointed for Smith. *See* Order entered May 26, 2015 (ECF No. 9). With counsel, Smith filed an amended petition for writ of habeas corpus, currently his operative petition, on April 11, 2016 (ECF No. 24).

Respondents filed their motion to dismiss on August 10, 2016 (ECF No. 35). In that motion, respondents contend that Smith's petition is barred by the statute of limitations, that certain of Smith's claims are unexhausted in state court, and that certain of Smith's claims are barred by the procedural default doctrine. On December 19, 2016, Smith filed an opposition to the motion to dismiss (ECF No. 44), his motion for leave to conduct discovery (ECF No. 47), and his motion for evidentiary hearing (ECF No. 48). On December 20, 2016, Smith filed his motion for stay and abeyance (ECF No. 50). On January 18, 2017, respondents filed a notice of non-opposition to the

1   motion for stay, along with an opposition to the motion for leave to conduct discovery and an
2   opposition to the motion for evidentiary hearing (ECF No. 56).  On January 26, 2017, respondents
3   filed a reply in support of their motion to dismiss (ECF No. 57).  On February 7, 2017, Smith filed a
4   reply in support of his motion for evidentiary hearing (ECF No. 59), a reply in support of his motion
5   for leave to conduct discovery (ECF No. 60), and a reply to respondents' non-opposition to his
6   motion for stay (ECF No. 61).

       In his motion for stay, and also in a status report he filed on March 14, 2017 (ECF No. 62), Smith states that he has initiated a third state-court habeas action in Nevada's Eighth Judicial District Court.  Smith states in the motion for stay that he initiated that action in state court on May 19, 2016.  *See* Motion for Stay (ECF No. 50), p. 2.  Smith states in the status report that the state court has scheduled an evidentiary hearing, and that and that there has been litigation in the state court concerning possible discovery, with leave to conduct certain discovery apparently granted.  *See* Status Report (ECF No. 62), pp. 1-2.

       In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
>       \*   \*   \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

Later, in the context of the procedural default doctrine, the Supreme Court held,:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

*Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012). In 2014, the Ninth Circuit Court of Appeals applied *Martinez* to the showing of good cause required for exhaustion stays under *Rhines*. "[W]e hold that the *Rhines* standard for [ineffective-assistance-of-counsel]-based cause is not any more demanding than the cause standard articulated in *Martinez*." *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir. 2014). In *Blake*, the court of appeals instructed that ineffective assistance of state post-conviction counsel can be good cause for a *Rhines* stay. *Id*. at 983. The court in *Blake* stated:

> The good cause element is the equitable component of the *Rhines* test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. *See* [*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)] ("A petitioner's reasonable confusion ... will ordinarily constitute 'good cause' [under *Rhines*] ...." (emphasis added)). An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.
>
> \*   \*   \*
>
> While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.

*Blake*, 745 F.3d at 982 (footnote omitted) (emphasis added).

Smith concedes that four of his claims -- Claims 1, 2, 3.7 and 3.8 -- are unexhausted in state court, and he states that he is currently exhausting those claims in his pending state-court habeas action. *See* Motion for Stay, p. 2. Smith points primarily to alleged ineffective assistance of his post-conviction counsel as cause for his failure to previously exhaust these claims. *See id*. at 3-4. Smith presents argument that the unexhausted claims are at least potentially meritorious. *See id*. at 4-11. There is no showing that Smith has engaged in intentionally dilatory litigation tactics. The

1  court finds that Smith has satisfied the standard under *Rhines* for a stay of this action, and the court
2  will grant his motion for stay, and stay the action pending the completion of his pending state-court
3  habeas action. The court will deny, as moot, and without prejudice, respondents' motion to dismiss,
4  as well as Smith's motion for leave to conduct discovery and motion for evidentiary hearing.

5       In reaching these conclusions and ruling in this manner, the court takes into consideration
6  respondents' non-opposition to the motion for stay. *See* Non-Opposition to Motion for Stay and
7  Abeyance (ECF No. 56). The court also takes into consideration Smith's representations regarding
8  the status of his state-court litigation. *See* Status Report (ECF No. 62). It appears that the pending
9  state-court habeas action may render moot respondents' motion to dismiss to the extent it is based on
10 Smith's failure to exhaust claims in state court, and that the factual development under way in the
11 state-court action could have some effect on the statute of limitations and procedural default issues
12 raised in the motion to dismiss in this case. Those issues will be better addressed, if necessary,
13 following the conclusion of the state court litigation.

14      The court's intention is that this will be the last time that the court imposes a stay to facilitate
15 Smith's exhaustion of claims in state court. Smith must exhaust all his unexhausted claims in state
16 court during the stay imposed by this order.

17      **IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance (ECF No.
18 50) is **GRANTED**. This action is stayed, while petitioner exhausts, in state court, all his
19 unexhausted claims for habeas corpus relief. The clerk of the court shall administratively close this
20 case.

21      **IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (ECF No. 35) is denied,
22 as moot, and without prejudice.

23      **IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Conduct Discovery and
24 for a Court Order to Obtain Documents (ECF No. 47) is denied, as moot, and without prejudice.

25      **IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (ECF No.
26 48) is denied, as moot, and without prejudice.

**IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state-court action, petitioner shall, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal, upon a motion by respondents, if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

Dated this 23 day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE