UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MONTRAIL D. SMITH,

    Petitioner,

v.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:15-cv-00487-KJD-VCF

**ORDER**

I.   <u>Introduction</u>

    This action is a petition for a writ of habeas corpus by Nevada prisoner Montrail D. Smith. There are, before the court, a motion to dismiss and motion to strike filed by the respondents, and a motion for leave to conduct discovery and motion for evidentiary hearing filed by Smith. The Court will grant the motion to dismiss, and dismiss this action as barred by the statute of limitations. The Court will deny the motion for leave to conduct discovery, the motion for evidentiary hearing, and the motion to strike.

II.   <u>Background</u>

    Smith was convicted on May 24, 2005, following a jury trial in Nevada's Eighth Judicial District Court, of murder with use of a deadly weapon, and he was sentenced to two consecutive terms of life in prison with the possibility of parole after twenty years. *See* Judgment of Conviction, Exh. 25 (ECF No. 26-8).

    Smith appealed, but the Nevada Supreme Court ruled that his notice of appeal was untimely and dismissed the appeal for lack of jurisdiction. *See* Order Dismissing Appeal, Exh. 29 (ECF No. 26-12).

    On December 6, 2005, Smith initiated a state habeas action. In that action, Smith litigated what is known in Nevada as a "*Lozada* petition," in which he asserted claims

that could have been asserted in a timely direct appeal. *See Lozada v. State*, 110 Nev. 349, 871 P.2d 944, 947 (1994). The state district court denied that petition in a written order filed on August 8, 2007. *See* Findings of Fact, Conclusions of Law and Order, Exh. 48 (ECF No. 27-6). Smith appealed, and the Nevada Supreme Court affirmed on February 20, 2009. *See* Order of Affirmance, Exh. 59 (ECF No. 27-17).

On December 14, 2009, Smith initiated a second state habeas action. *See* Motion for Appointment of Counsel, Exh. 61 (ECF No. 27-19); Supplement to Post-Conviction Petition, Exh. 72 (ECF No. 27-30). In a written order filed on June 18, 2013, the state district court dismissed that action, ruling it procedurally barred. *See* Findings of Fact, Conclusions of Law and Order, Exh. 78 (ECF No. 28-5). Smith appealed, and the Nevada Supreme Court affirmed on April 10, 2014. *See* Order of Affirmance, Exh. 85 (ECF No. 29-2).

Smith initiated this federal habeas corpus action, pro se, on March 18, 2015. *See* Motion Seeking Permission from the Court to File Habeas Petition (ECF No. 1).  He submitted his original petition for filing on April 1, 2015 (ECF No. 2-1). The petition was filed on May 26, 2015, after the matter of payment of the filing fee was resolved. *See* Petition for Writ of Habeas Corpus (ECF No. 10). Counsel was appointed for Smith. *See* Order entered May 26, 2015 (ECF No. 9).  With counsel, Smith filed an amended petition for writ of habeas corpus on April 11, 2016 (ECF No. 24).

Respondents filed a motion to dismiss on August 10, 2016 (ECF No. 35). In response, on December 20, 2016, Smith filed a motion for a stay, to allow him to further exhaust claims in state court (ECF No. 50). Respondents filed a notice of non-opposition to the motion for stay (ECF No. 56). On March 28, 2017, the Court granted the motion for stay and stayed this action pending Smith's further proceedings in state court; the Court denied, as moot, the motion to dismiss and other pending motions (ECF No. 63).

Meanwhile, Smith had initiated a third state habeas action in Nevada's Eighth Judicial District Court on May 19, 2016. *See* Motion for Stay (ECF No. 50), p. 2;

1    Amended Petition for Writ of Habeas Corpus, Exh. 113 (ECF No. 74-65). The state

2    district court denied that petition, ruling it procedurally barred, on September 22, 2017.

3    *See* Findings of Fact, Conclusions of Law and Order, Exh. 143 (ECF No. 75-21). Smith

4    appealed, and the Nevada Supreme Court affirmed on January 17, 2019. *See* Order of

5    Affirmance, Exh. 163 (ECF No. 75-41).

6          Smith then moved to lift the stay of this action, and that motion was granted, and

7    the stay was lifted on April 24, 2019 (ECF Nos. 67, 68). Smith submitted a second

8    amended habeas petition with his motion to lift the stay; the second amended petition

9    was filed (ECF No. 69) and is now Smith's operative petition.

10         On September 18, 2020, Respondents filed the motion to dismiss that is now

11    before the Court (ECF No. 72); Respondents contend that Smith's petition is barred by

12    the statute of limitations, that certain of Smith's claims are unexhausted in state court,

13    that certain of Smith's claims are procedurally defaulted, and that one of Smith's claims

14    is not cognizable in this federal habeas corpus action. The parties have fully briefed the

15    motion to dismiss (ECF Nos. 82, 91).

16         With his opposition to the motion to dismiss, Smith filed a motion for leave to

17    conduct discovery, which has been fully briefed (ECF Nos. 86, 92, 97) and a motion for

18    evidentiary hearing, which has been fully briefed (ECF Nos. 85, 94, 98).

19         Respondents filed a motion to strike (ECF No. 93), requesting that the Court

20    strike from the record a demonstrative exhibit filed by Smith; that motion, too, has been

21    fully briefed (ECF No. 99).

22    III.   Discussion

23         A.   Statute of Limitations

24         The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996,

25    established a one-year statute of limitations for federal habeas petitions filed by

26    prisoners challenging state convictions; the statue provides:

27                 (1)  A 1-year period of limitation shall apply to an application for a
            writ of habeas corpus by a person in custody pursuant to the judgment of

28            a State court.  The limitation period shall run from the latest of --

1
2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3
4
5

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

6
7

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8
9

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

10
11
12
13
14
15
16
17

28 U.S.C. 2244(d)(1). The one-year AEDPA limitations period is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The limitations period is also subject to equitable tolling; a habeas petitioner is entitled to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

18
19
20
21
22
23
24
25
26
27

In this case, the judgment of conviction was entered on May 24, 2005 (*see* Judgment of Conviction, Exh. 25 (ECF No. 26-8)), and the conviction became final on June 23, 2005, when the time for Smith to appeal expired. *See* Order Dismissing Appeal, Exh. 29 (ECF No. 26-12). When Smith's conviction became final, his one-year AEDPA limitations period began to run, and 165 days ran against the limitations period before Smith initiated his first state habeas action on December 6, 2005. While Smith's first state habeas petition was pending, the limitations period was tolled under 28 U.S.C. § 2244(d)(2). That action was concluded, and the statutory tolling ceased, on March 17, 2009, when the Nevada Supreme Court issued its remittitur after affirming the denial of

28

relief. *See* Remittitur, Exh. 78 (ECF No. 74-28). The one-year limitations period then began to run again, and it expired 200 days later, on October 4, 2009.

Smith initiated two more state habeas actions, one on December 14, 2009, and one on May 19, 2016, but both of those were initiated after the AEDPA statute of limitations expired, so they had no effect on the running of the limitations period. Furthermore, both were ruled untimely, ruling out statutory tolling based on them under 28 U.S.C. § 2244(d)(2). *See Pace*, 544 U.S. 412–13.

Smith did not submit his original petition for mailing to this Court, to initiate this action, until March 29, 2015, more than five years after the AEDPA limitations period expired. *See* Petition for Writ of Habeas Coprus (ECF No. 10), p. 1. Therefore, this action is barred by the statute of limitations, and subject to dismissal on that ground.

Seeking to overcome the statute of limitations bar, Smith argues that he should receive the benefit of equitable tolling. First, he argues for equitable tolling from May 24, 2005, to December 6, 2005, on account of his trial counsel's failure to file a notice of appeal on his behalf. *See* Opposition to Motion to Dismiss (ECF No. 82), pp. 6–8. He then argues that his *Lozada* petition should be treated as the functional equivalent of a reopened direct appeal, with the result that his conviction should not be considered final until May 21, 2009, after the Nevada Supreme Court affirmed the denial of relief in that action, or with the result of equitable tolling up to that point. *See id.* at 8–14. Next, he argues that he should receive the benefit of equitable tolling from May 21, 2009, to May 5, 2014, on account of actions of his first state habeas counsel in his state court proceedings. *See id.* at 14–38. Finally, he argues he should receive the benefit of equitable tolling from May 5, 2014, to March 29, 2015, because he submitted a petition for writ of habeas corpus to this Court for filing in May 2014, but that petition was returned to him without it being filed. *See id.* at 38–41.

Regarding Smith's first argument, that he should receive the benefit of equitable tolling from May 24, 2005, to December 6, 2005, because of his trial counsel's failure to file a notice of appeal on his behalf, Smith makes no showing that such failure of trial

counsel prevented Smith from filing a timely federal habeas petition. There is no explanation how Smith's counsel's failure to initiate a timely direct appeal had any effect on Smith's ability to initiate a federal habeas petition. *See Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010) ("In this case, Randle has not suggested any such causal connection between his state-appointed counsel's failure to perfect a direct appeal timely and his own failure to file his federal habeas petition timely."). This argument for equitable tolling fails.

Next, concerning Smith's argument that his *Lozada* petition was the functional equivalent of a reopened appeal, and his conviction should therefore should not be considered final until May 21, 2009, or he should receive the benefit of equitable tolling to that date, his argument is contrary to the Ninth Circuit Court of Appeals' holding in *Randle*. In that case, the court of appeals held that a *Lozada* petition did not restore the pendency of a direct appeal, and therefore did not alter the date of finality of the judgment of conviction. *See Randle*, 604 F.3d at 1056–57. The court in *Randle* distinguished Nevada's procedure under *Lozada* from the procedure in Texas addressed in *Jimenez v. Quarterman*, 555 U.S. 113 (2009) (where state court reopens direct appeal, statute of limitations does not begin to run until conclusion of the reopened appeal). *See id.* The court in *Randle* explained the distinction as follows:

> In the case before us, Randle argues that the Nevada Supreme Court's decision on his first state habeas petition [his *Lozada* petition] is equivalent to a decision on an out-of-time direct appeal. But unlike *Jimenez,* the Nevada Supreme Court never granted Randle leave to file an out-of-time direct appeal. Rather, the state supreme court explicitly stated that an untimely direct appeal was foreclosed by state rules, and that "[a]n untimely notice of appeal fails to vest jurisdiction in this court." At no point did the Nevada Supreme Court "restor[e] the pendency of the direct appeal," nor was "petitioner's conviction ... again capable of modification through direct appeal to the state courts and to [the Supreme Court] on certiorari review." *Jimenez*, 129 S.Ct. at 686 (internal citation omitted). Randle sought to restore his direct appeal, and that request was rejected by the Nevada Supreme Court. Although Randle was entitled to present, pursuant to *Lozada,* the arguments that he would have presented on direct appeal in his state postconviction relief proceeding, his direct appeal was not, and could not be, reinstated. *Jimenez* therefore does not apply....

*Id.* Following *Randle*, this Court rejects Smith's argument that his conviction did not become final until the completion of his *Lozada* petition. The Court finds meritless Smith's arguments that unpublished orders of the Nevada Supreme Court, and a change in the Nevada Rules of Appellate Procedure, subsequent to the completion of his *Lozada* petition, undermined the holding in *Randle* with respect to his case. *See* Opposition to Motion to Dismiss (ECF No. 82), pp. 9–14. It remains that, under Nevada law, Smith's *Lozada* petition did not reopen his direct appeal. And, with respect to the question of equitable tolling, there is no showing by Smith that his litigation of the *Lozada* petition prevented him from filing a timely federal habeas petition.

Next, turning to the question whether some action, or inaction, of Smith's first state post-conviction counsel, in Smith's state court proceedings, entitles Smith to equitable tolling, the Court determines that, whatever complaints Smith has about the performance of his state post-conviction counsel, that counsel did not abandon him, and did not cause him to miss his federal court filing deadline. *Cf. Maples v. Thomas*, 565 U.S. 266, 281 (2012); *Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014). Smith's extensive argument in this regard appears to assume that he could not have filed a federal habeas petition until his untimely second state habeas action was completed. *See* Opposition to Motion to Dismiss (ECF No. 82), pp. 14–38. But that is not the case. Nothing stood in the way of Smith initiating a timely federal habeas action while his state proceedings were pending. Moreover, the Court notes Smith's specific statement that "January through May 2010 is the time that Smith's case languished and his deadline for filing both a state and federal petition lapsed" (*see id.* at 32); that, however, was after the AEDPA limitations period had already expired on October 4, 2009.

Regarding the question of Smith's diligence, after the Nevada Supreme Court affirmed the denial of relief on his *Lozada* petition, and issued its remittitur on March 17, 2009, Smith did not diligently pursue his rights. Without good reason, Smith did not attempt to file a federal habeas petition until at least some five years later. Smith's only attempt to explain this delay is to cast blame on his first state post-conviction counsel,

pointing to alleged shortcomings of counsel's performance in his state habeas proceedings, but he does not show how that counsel in any way prevented him from initiating a timely federal habeas action.

Finally, regarding Smith's argument that he should receive the benefit of equitable tolling from May 5, 2014, to March 29, 2015, because the first federal habeas petition he sent to this Court for filing was returned to him unfiled, the Court determines that, without the benefit of the other equitable tolling Smith requests, this argument is moot. This occurred long after the AEDPA limitations period expired. The Court, therefore, does not address this argument for equitable tolling.

The Court will grant Respondents' motion to dismiss and will dismiss this action as barred by the statute of limitations. The Court does not reach Respondents' other arguments, that certain of Smith's claims are unexhausted, that certain of his claims are procedurally defaulted, and that one of his claims is not cognizable in this federal habeas action.

B.   Motions for Leave to Conduct Discovery and for an Evidentiary Hearing

In his motion for leave to conduct discovery (ECF No. 86), Smith requests leave of court to serve discovery requests seeking visiting logs, phone logs and mail logs from institutions where he has been incarcerated, as well as records and information regarding the law practice of his first state post-conviction counsel. *See* Motion for Discovery (ECF No. 86), pp. 2–4. Smith argues that such discovery might lead to information supporting his arguments that he is entitled to equitable tolling, particularly equitable tolling based on the performance of his first state post-conviction counsel. A habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may authorize discovery in a habeas action for good cause. *See id.* at 904–05. Good cause exists if "specific allegations before the court show reason to believe that the

petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996–97 (9th Cir. 2010).

In his motion for evidentiary hearing (ECF No. 85), Smith requests an evidentiary hearing with respect to his arguments that he is entitled to equitable tolling. Evidentiary hearings are authorized in federal habeas corpus actions by Rule 8 of the Rules Governing § 2254 Cases. However, an evidentiary hearing is not required if the issues can be resolved by reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise."); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Moreover, "an evidentiary hearing is not required if the claim presents a purely legal question and there are no disputed facts." *Beardslee v. Woodford*, 358 F.3d 560, 585 (9th Cir. 2004); *see also Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992).

The Court determines that Smith does not show factual development by either discovery or an evidentiary hearing to be warranted. The Court resolves the questions of Smith's entitlement to equitable tolling based on the briefing of the parties and on the record before the Court, without need for further factual development. As is discussed above, even if Smith's allegations regarding the performance of his first state post-conviction counsel's performance are taken as true, there is no showing that counsel's performance in Smith's state habeas proceedings prevented Smith from timely filing his federal habeas petition. Smith does not make any showing that further factual development could possibly alter this outcome. Smith's motion for leave to conduct discovery and his motion for an evidentiary hearing will be denied.

C.     Motion to Strike

In their motion to strike (ECF No. 93), Respondents request that the Court strike from the record Smith's Exhibit 94 (ECF No. 53-6), which is a demonstrative exhibit

visually depicting Smith's position regarding the operation of the AEDPA statute of limitations in this case. As a demonstrative exhibit clarifying Smith's argument, Smith's Exhibit 94 is not improper. The Court will deny the motion to strike.

D.    Certificate of Appealability

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

Applying the standard articulated in *Slack*, the Court finds that a certificate of appealability is unwarranted. The Court will deny Smith a certificate of appealability.

IV.    Conclusion

**IT IS THEREFORE HEREBY ORDERED** that Petitioner's Motion for Discovery (ECF No. 86) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (ECF No. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Strike (ECF No. 93) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 72) is **GRANTED**. This action is dismissed.

1    **IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability.

2    **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter

3    judgment accordingly.

4

5    DATED THIS 10 day of August_____, 2020.

6

7    _____

8    KENT J. DAWSON,
     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28